GUICE ET AL. *v.* ILLINOIS CENTRAL RAILROAD COMPANY, ET AL.

[71 South. 259.]

1. INJUNCTION. *Grounds. Preventing multiplicity of suits. Action. Joinder. Parties and interest. Railroads. Bulletin boards. Passengers. Statute.*

Where severa lrailroads use the same passenger station and the same bulletin board to schedule the arrival and departure of their trains, each of said railroads had the right to separately invoke the aid of a court of equity to prevent a multitude of suits against it for a violation of section 4857, Code 1906, or all could join in one suit, where the alleged wrongful conduct was continuing in its nature, and had already resulted in the bringing of other suits.

2. RAILROADS. *Passengers. Bulletin boards. Statute.*

Under the facts in this case the court held that the railroads substantially complied with Code 1806, section 4857, in noting the arrival and departure of their trains.

APPEAL from the chancery court of Hinds county.

HON. P. C. JONES, Chancellor.

Bill for an injunction by the Illinois Central Railroad Company and others. Motion to dissolve the preliminary injunction overruled and defendants appeal.

The Illinois Central, the Yazoo & Mississippi Valley, and the Alabama & Vicksburg Railroad Companies all use the same passenger station in the city of Jackson. The tracks and trains of the Illinois Central and the Alabama & Vicksburg Companies pass through the city of Jackson; neither having a terminal of its road in that city. Jackson, however, is the northern terminal of the Natchez branch, and the southern terminal of the Yazoo branch, of the Yazoo & Mississippi Valley Railroad. Some time prior to the filing of the bill in the court below appellant Guice instituted three suits against each of appellee companies, two against each being before one, and the other before another, justice of the peace, claiming the penalty provided for the violation of section 4857, Code Miss. 1906. After the institution of these suits appellees filed their bill in the court below praying for an injunction restraining appellant Guice, his agents and attorneys from prosecuting these suits at law.

It appears from allegations of the bill, which are admitted by the answer to be true, that the bulletin board upon which appellees schedule the arrival and departure of their trains is made out in the following manner:

| Name of Railroad |
|---|
| Passenger Trains [Date.] |
| South. |
| Late |
| No. ——— Due ——— M. |
| North. |
| Late |
| No. ——— Due ———M. |

A separate column is set apart on this board for each road, and there is a sufficient number of lines in each column to bulletin each of the road's passenger trains. The trains of the Illinois Central and Alabama & Vicksburg Railroads are all through trains, departing from Jackson always within a few minutes after arrival thereat, in no case, according to the allegations of the bill, remaining more than five minutes. As before stated, Jackson is the terminal of the trains of the Yazoo & Mississippi Valley Railroad. All trains of the Natchez branch thereof going south necessarily depart from Jackson, and all going north necessarily end their journey there; and all trains going north on the Yazoo branch thereof necessarily depart therefrom, and those going south necessarily end their journey there. After the word "Due" on this bulletin board is written the time of the arrival of trains on the Illinois Central and Alabama & Vicksburg Railroads, and of the north-bound trains on the Natchez branch, and south-bound trains on the Yazoo branch, of the Yazoo & Mississippi Valley Railroad, and the time of the departure of the north-bound trains of the Yazoo branch, and of the south-bound trains on the Natchez branch, of the Yazoo & Mississippi Valley Railroad.

A motion was made in the court below by appellants to dissolve the preliminary injunction granted, which motion was by the court overruled, and this appeal granted to settle the principles of the case.

*Greaves, Potter and Hallum,* for appellants.

*R. H. & J. H. Thompson, Mayes & Mayes* and *F. M. West,* for appellees.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above). The two grounds upon which it is sought to obtain a reversal of the decree of the court below are: First, that the court below was without jurisdiction of this cause; and, second, that the

time of arrival and departure of passenger trains does not definitely appear from this bulletin board.

Each of these appellees had the right to separately invoke the aid of a court of equity in order to prevent the bringing against it of a multitude of suits by appellant Guice, for the reason that the wrongful conduct on their part, of which he complains, is "continuing in its nature," having already resulted in the bringing by him against each of them of three suits at law, and may result in the bringing by him of others. *Railroad Co.* v. *Garrison,* 81 Miss. 257, 32 So. 996, 95 Am. St. Rep. 469; *Telephone Co.* v. *Williamson,* 101 Miss. 1, 57 So. 559. This being true, all of appellees could join as complainants in one suit. *Tribette* v. *Railroad Co.,* 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642; *Telephone Co.* v. *Williamson, supra.*

Under the facts in this case, we think appellees substantially complied with the statute here in question in noting the arrival and departure of their trains.

*Affirmed and remanded.*