HENRY et al. v. MOBILE & O. R. Co.

(Division A. May 30, 1932.)

[142 So. 11. No. 30080.]

C. P. & S. H. Long and Geo. H. Hill, Jr., all of Tupelo, for appellants.

**J. R. Anderson**, of Tupelo, and **Stovall & Stovall**, of Okolona, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee, Mobile & Ohio Railroad Company, filed its bill of complaint in the chancery court of the Second district of Chickasaw county against many named defendants, seeking an injunction restraining them from prosecuting actions at law against it then pending and

threatened. The bill alleged that lands owned by the several defendants lie west of appellee's railroad track and right of way in the watershed of Wilgo creek, and are drained by it; that Wilgo creek is a small meandering stream which runs through the lands of the defendants and across the right of way of appellee; that about two hundred and twenty-five feet north of Wilgo creek, on the west side of appellee's right of way, there is located a dead slough, known as Wilgo slough, which has no natural outlet and affords no natural drainage for the lands in the watershed area of Wilgo creek, but which in times of flood becomes filled with overflow waters which remain stagnant therein.

The bill further alleges that in the year 1859 the appellee constructed its railroad embankment and track east of and adjoining the lands of the defendants therein described, and in doing so built trestles over Wilgo creek and Wilgo slough, which were maintained until 1925, when operating conditions made it necessary that the trestle over Wilgo slough be completely rebuilt and replaced with a dirt fill; and then sets forth in detail the conditions in said valley or watershed as to drainage provided, the result of surveys made by its engineers as to the waterways or outlets required to provide such drainage for the area of this watershed, and charged that the waterways provided were more than sufficient to take care of all waters falling in the watershed area served by Wilgo creek. It was further averred that in the year 1926 three of the defendants filed suits in the circuit court of Chickasaw county seeking to recover damages alleged to have been sustained by them as a result of the filling of the trestle over Wilgo slough, and thereby obstructing the natural drainage of waters from their lands; that these suits were removed to the federal District Court and there nonsuited; that thereafter they refiled these suits in the circuit court of Chickasaw

county, alleging as a basis of the cause of action the same facts as set forth in their former declarations, and that the trial of all these suits on the merits resulted in verdicts for the defendant railroad company.

It was further averred that during the year 1931 five of the defendants, including the three who sued in 1926, filed suits in the county and circuit courts of Lee county against the appellee, based solely upon the filling of the said trestle, and the alleged consequent obstruction of the natural drainage of waters from their lands; that all the other numerous defendants intend to bring such suits, and have made known their intention so to do to the appellee, and were then threatening to file the same, and would do so unless restrained; and that the plaintiffs in all of such threatened suits, when brought, will allege as a basis for their cause of action that the filling of said trestle obstructed the natural drainage of waters from their lands, thereby damaging both the lands and the crops grown thereon. It was further alleged that the sole question of law and of fact involved in all of said suits, both those filed and those threatened, is the right of appellee to eliminate the said trestle and substitute therefor a dirt fill; that the injury claimed by the defendants in the bill of complaint to have been inflicted by the appellee, and the damage alleged by them to flow therefrom, is one constantly recurring, and one for which they have endeavored, are now endeavoring, and will continue in the future to endeavor, to obtain damages by the filing of successive and multitudinous suits at law, claiming by reason of the alleged unlawful act of the appellee to be entitled to damages both to the lands and the crops growing thereon for successive years.

It was further alleged that all the said suits then pending in the circuit court involved the same legal principles and grew out of the same alleged unlawful act of the appellee, which is constantly recurring; and that, unless

restrained by the chancery court, they would all be tried at the November, 1931, term of the circuit court of Lee county with the possibility of varying and conflicting verdicts being rendered in each of the several cases, and with consequent confusion and inability to determine the legal rights of the appellee to maintain said fill at the trestle, or its liability by reason of maintaining it; and that the said numerous suits then pending against appellee, and threatened to be filed against it, constitute a multiplicity of suits, the prosecution of which will cause needless harassment and embarrassment to the appellee and impose upon it severe financial loss in requiring it to constantly defend them. The bill prayed for the issuance of a temporary injunction restraining all the defendants from further prosecuting said suits in the circuit court; that all the suits filed by the said defendants and then pending in the circuit court be consolidated and transferred to the chancery court to be there finally adjudicated, and that upon final hearing the defendants be perpetually enjoined from prosecuting or otherwise proceeding with any of said suits in the circuit court, and from bringing further suits as a result of any alleged damages to their lands or crops caused by the filling of the said trestle.

A temporary injunction was issued and served, and thereafter the defendants, appellants herein, answered the bill and filed a motion to dissolve the injunction. In their answer the appellants admitted the filing of the various suits against appellee, as set out in the original bill and exhibits thereto, and admitted that the basis of their cause of action against the appellee is by or on account of the fact that it wrongfully filled said trestle across the north branch of Wilgo creek; that the principal question involved is the right of the appellee to eliminate said trestle and substitute therefor a dirt fill; and that "the damages alleged by them and each of them

to their property is one constantly recurring, and for which they have endeavored and are now endeavoring to recover." They expressly denied, however, that Wilgo slough is a dead slough without outlet, which afforded no natural drainage to the lands in Wilgo creek bottom, but charged that, at the time of filling the trestle by the appellee in 1925, the said slough had a well-defined channel and flow of water and served a useful and proper purpose in helping to drain the lands of the appellants; that at the time of the filling of said trestle the appellee recognized the same as a well-defined drain and stream, but notwithstanding that fact, for the purpose of operating its business more cheaply and economically, it abolished said trestle and filled in and dammed up said creek with dirt and a solid roadbed, in utter disregard of the rights of the appellants and others owning land in said watershed west of the railroad embankment. Other details and charges of the answer are not here material.

Upon the hearing of the motion to dissolve the temporary injunction, the appellants offered to prove that the trestle filled by the appellee was a well-defined natural water course, which had a well-defined outlet on the east of the railroad embankment; that it drained a large area of land, and that the obstruction thereof caused the waters to overflow their lands. The court declined to permit this proof, holding that "the introduction of this proof at this stage of the proceeding is deemed improper by the court, because it would tend to prove the damages both compensatory and punitive, and this hearing is solely for the purpose of determining whether or not the injunction should be dissolved or made permanent, and the matters set out in the statement of counsel go to the merits of the case." Upon the bill and answer and motion to dissolve, the court entered a decree finding that the suits filed in the circuit court, and those threatened, were all based on the alleged wrongful act of the

railroad company in filling the trestle on its right of way with dirt, thereby obstructing an alleged natural water course, with resulting and recurring damages to the lands and crops adjacent to said railroad. The decree overruled the motion to dissolve the injunction, and granted the defendants an appeal to settle the principles involved, and the appellants here assign as error the action of the court below in excluding the evidence offered by them, and overruling the motion to dissolve the injunction.

In determining whether, upon the facts here involved, equity has jurisdiction to enjoin the prosecution of the several suits at law and join them all in one suit, we think the cases of Ill. Central R. Co. v. Garrison, 81 Miss. 257, 32 So. 996, 997, 95 Am. St. Rep. 469; Cumberland Telephone & Telegraph Co. v. Williamson, 101 Miss. 1, 57 So. 559, 561, and Guice v. Ill. Central R. Co., 111 Miss. 36, 71 So. 259, 260, are controlling. In the Garrison Case, supra, there were involved facts practically identical with those in the case at bar. In that case there was repeated litigation brought by the same plaintiff's because of alleged obstruction of natural drainage by a railroad embankment as originally constructed and subsequently elevated, and the court distinguished it from the case of Tribette v. Illinois Cent. R. Co., 70 Miss. 182, 12 So. 32, 19 L. R. A. 760, 35 Am. St. Rep. 642, on the ground that it was not "the case of a single past trespass, over with when it occurred, for all time, as was the Tribette Case," and maintained the jurisdiction of equity, manifestly from the statement quoted, on the ground that the injury complained of was a continuing one.

In Cumberland Telephone & Telegraph Co. v. Williamson, supra, the court recognized the jurisdiction of equity to intervene to prevent a multiplicity of suits, where there is an injury continuing in its nature, in the following language: "Where there is an injury continuing in

its nature, which results in the bringing of numerous actions against a person, equity has intervened to prevent a multiplicity of suits. This is illustrated by the opinion of this court in Illinois Central R. Co. v. Garrison, 81 Miss. 257, 32 So. 996, 95 Am. St. Rep. 469, which is expressly distinguished from the principle laid down in Tribette v. Illinois Central Railroad Co., supra—the distinguishing difference being the continuing nature of the injury, and the principle announced in Tribette's Case was expressly recognized. This distinction was also clearly drawn by this court in Mills v. New Orleans Seed Co., 65 Miss. 391, 4 So. 298, 7 Am. St. Rep. 671, wherein the court says: 'Where trespass to property is the single act, and is temporary in its nature and effects, so that the legal remedy of an action at law for damages is adequate, equity will not interfere. But if the trespass is continuous in its nature, and repeated acts of trespass are done or threatened, although each of such acts taken by itself may not be destructive or inflict irreparable injury, and the legal remedy therefor be adequate for each single act if it stood alone, the entire wrong may be prevented or stopped by injunction.' "

In the case of Guice v. Illinois Central Railroad Company, supra, the doctrine was distinctly recognized that, in order for equity to take jurisdiction upon the ground of multiplicity of suits, there must be some right to separately invoke the aid of a court of equity against each defendant, but again held that "each of these appellees had the right to separately invoke the aid of a court of equity in order to prevent the bringing against it of a multitude of suits by appellant Guice, for the reason that the wrongful conduct on their part, of which he complains, is 'continuing in its nature,' has already resulted in the bringing by him against each of them of three suits at law, and may result in the bringing by him of others."

In the case at bar it is admitted that there has been repeated litigation brought by the same plaintiffs against the appellee, and continuing litigation threatened by these plaintiffs and other parties defendant, for an injury continuing in its nature, and, this being true, we think the jurisdiction or equity was maintainable, and that the court below committed no error in rejecting the proffered testimony, and overruling the motion to dissolve the injunction.

Affirmed and remanded.