RUCK

v.

SPRAY COTTON MILLS, Inc. et al.

Civ. No. 580.

United States District Court,
M. D. North Carolina.

May 5, 1954.

Holland & Hart, Denver, Col., Brooks, McLendon, Brim & Holderness, Greensboro, N. C., for intervenors.

Womble, Carlyle, Martin & Sandridge, Winston Salem, N. C., for defendants.

James M. Hayes, Jr., Winston Salem, N. C., for Erwin Ruck.

WARLICK, District Judge.

This action is one which comes about from an intervention filed by those attorneys listed in the caption herein who represented the plaintiff in the action originally filed in the Middle District of North Carolina; and on a hearing had, the following facts are found and legal conclusions are stated, all as is required by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

### Findings of Fact.

On September 24, 1951, one Erwin Ruck, a citizen and resident of Bottmingen, Switzerland, instituted an action against the parties named in the title to this case, other than those set down as intervenors, alleging in substance that he was the owner of 850 shares of common stock of the par value of $100 per share, in the defendant corporation, and predicating his action upon the failure of the corporation and its managing directors to declare and pay.dividends on its common stock, and it is further set out in substance that the corporation at no time, since prior to 1930, had paid a dividend with the exception of one dividend of $1.75 per share paid in May 1951, and seeks further to compel the defendants to make an appraisal of the assets of the corporation and pay out dividends on the common stock as is required by the North Carolina statutory law.

Jurisdiction of the action is alleged through the diversity of citizenship and the amount in controversy, exclusive of interest and costs.

The defendant corporation is chartered under the laws of North Carolina and the three individual defendants are residents and citizens of said state.

A paperwriting set down as a power of attorney, dated May 24, 1951, was filed with the cause, indicating an authority to the attorneys for plaintiff, Ruck, to institute said action and to otherwise prosecute same, and among its provisions contained a statement that it is irrevocable until November 2, 1951.

The defendants filed their answer on the 5th of December, 1951, and alleged various defenses to the allegations in the complaint.

Subsequently, and prior to October 29, 1952, the plaintiff and the defendant, Spray Cotton Mills, Inc., apparently adjusted their differences in dispute and resulting from such agreement the plaintiff sold to the defendant, Spray Cotton Mills, Inc., his 850 shares of corporate stock for the sum of $85,000, and executed a delivery of said stock to the corporate defendant and received full payment therefor. This sale was had and the purchase made without the knowledge of the attorneys for plaintiff, Ruck.

On October 29, 1952, counsel for plaintiff had notice served on defendants that they would undertake to hold the defendants liable and responsible, individually and in their corporate capacity, for damages by way of attorney fees arising out of said purported purchase on the behalf of the Spray Cotton Mills of the shares of stock owned by the plaintiff.

Thereafter on April 30, 1953, Judge Hayes filed an order based on the application of the intervenors herein to with-

draw as counsel for plaintiff and to intervene in the action for the purpose of asserting their claim against the plaintiff, Ruck, primarily and against the defendants secondarily. The intervenors were allowed thirty days to file pleadings.

On May 29, 1953, the intervenors filed their complaint seeking to recover the alleged sum of $25,393.75, or 25% of the amount of sale as compensation to them for their service,—praying however, "that the court determine the amount that they were entitled to receive as compensation for services rendered to the plaintiff in connection with this action, and that such amount be taxed as a part of the costs of this action, primarily against the plaintiff, Ruck, and secondarily against the company."

Whereupon on May 29, 1953, the intervenors, through the affidavit of W. H. Holderness, Esq., one of their members, undertook to secure service of process against the plaintiff, Ruck, and the defendants in the following manner:

1. Depositing a copy of each of said papers in United States Post Office at Greensboro, North Carolina, in a sealed envelope, addressed to "Dr. Erwin Ruck" Neuenruck, Bottmingen, bei, Basel, Switzerland", his last known address, and with postage thereon prepaid; and,

2. Depositing a copy of each of said papers in the United States Post Office, at Greensboro, North Carolina, in a sealed envelope, addressed to "B. S. Womble, Womble, Carlyle, Martin and Sandridge, Attorneys at Law, Winston-Salem, North Carolina," his last known address, with the postage thereon prepaid; and,

Subsequently and on June 22, 1953, Judge Hayes entered an order on the petition of counsel for the defendants, allowing the defendants thirty days in which to file proper pleadings, and in said order set out the following: "The court, upon its own motion, in view of the fact that the plaintiff, Erwin Ruck, resides in Switzerland, grants a similar extension of thirty (30) days within which to file pleadings to the plaintiff, Erwin Ruck."

The defendants, on July 27, 1953, filed their answer to the intervenors' complaint, setting out as a first defense its motion to dismiss the action as to the intervenors because the complaint filed by them fails to state a claim against the defendants upon which relief can be granted.

Second, the defendants further moved to dismiss the action because the court has not acquired jurisdiction of the subject matter of the action, and by way of a second and further defense, make certain admissions, interpose denials, and allege other defenses.

On the 27th of July plaintiff Ruck, likewise through his counsel, James M. Hayes, Jr., filed a motion under his special appearance and without submitting himself to the jurisdiction of the court, to dismiss the action as to him on the grounds that at all times during the pendency of this act on he has been a resident of the Swiss Republic and has not been served with notice of motion, nor a motion as is required by Rule 24 of the Federal Rules of Civil Procedure—, alleging therefore that the court has not acquired jurisdiction over his person since the action sought to be enforced is one that seeks an entirely new relief, and further requests dismissal for that the intervenors have failed to state a claim against the plaintiff and that no jurisdiction has been acquired.

On September 21, 1953, the intervenors filed motion with the court to intervene as plaintiffs, based under their notice of motion of the same date.

Whereupon Judge Hayes, in view of his kinship with Mr. Hayes, plaintiffs' counsel, disqualified himself and the undersigned United States District Judge for the Western District of North Carolina was designated by Chief Judge Parker to hear the controversy and make decision.

The original controversy related entirely to dividends to which the plaintiff

alleged he was entitled on the one hand from the corporate defendants and its managing directors, the remaining defendants, on the other hand. This action relates wholly to counsel fees allegedly claimed between those lawyers who originally represented the plaintiff, Ruck, and who are the intervenors in this action, but who were not parties to the original controversy on the other hand and the plaintiff and one, the corporate defendant, but not the individual defendants on the other hand.

From the foregoing findings of fact, the following conclusions of law are made:

■■ 1. That the plaintiff had the right to settle his original action with the defendant as was done in this case.

"That court has likewise held that in the absence of fraud or collusion, settlement made by the client extinguishes the cause of action; that since the cause of action was the property of the client, he had an absolute right to deal with his property as he saw fit in making a settlement, so long as the settlement was made in good faith, and this without regard to the wishes of his attorney." German v. Universal Oil Products Co., 8 Cir., 77 F.2d 70, 72; The Golden Star, 9 Cir., 82 F.2d 687; 7 C.J.S., Attorney and Client, § 231, page 1180.

and fraud is not alleged in the intervenors' complaint.

■ 2. That the intervenors' action as is shown by the complaint is an independent proceeding and not one in which the court has ancillary jurisdiction over the cause of action as asserted by the intervenors. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184.

3. The court does not have ancillary jurisdiction over the controversy presented by the intervenors' petition merely because the court had jurisdiction over the original controversy, between plaintiff and defendants.

■ 4. That the purported service of the notice and motion to intervene on the plaintiff, Ruck, was ineffectual to bring him into court in this proceeding, an independent one, and failed in compliance with the Rules of Civil Procedure as set out in 24a–c, 5(a), 4(c).

■ 5. There is no diversity of citizenship between the parties to the controversy presented by the intervenors' petition, for that seven of the intervenors are residents of North Carolina and the defendant, Spray Cotton Mills, Inc., is a North Carolina corporation and a citizen and resident of North Carolina.

■ 6. Costs in actions at law in the United States Courts are creatures of the statute. There does not appear to be any statute in North Carolina authorizing the payment of costs in a case such as this, nor is there any Federal Statute permitting District Courts to tax attorney fees as costs in actions at law as distinguished from suits in equity.

Judge Parker, in a recent opinion, said:

"Ordinarily, of course, attorneys' fees, except as fixed by statute, should not be taxed as a part of the costs recovered by the prevailing party; but in a suit in equity where the taxation of such costs is essential to the doing of justice, they may be allowed in exceptional cases." Rolax v. Atlantic Coast Line R. Co., 4 Cir., 186 F.2d 473, 481; Guardian Trust Co. v. Kansas City Southern Ry. Co., 8 Cir., 28 F.2d 233.

I Conclude, Therefore:

1. That the motion under the special appearance to dismiss the action for lack of service on plaintiff, Ruck, should be allowed.

2. That there is no diversity of citizenship and the court is therefore without jurisdiction to entertain the matter, and the motion to dismiss the bill of intervention should be allowed.

Decree will be submitted.