DONALD A. KAHAN AND JACK S. JACOBS, Plaintiffs HANOVER BROOK, INC., Plaintiff Intervenor v. SAMUEL M. LONGIOTTI, Defendant

No. 7915SC616

(Filed 4 March 1980)

1. **Appeal and Error § 6.3— ruling on jurisdiction—immediate appealability**
   An adverse ruling on the jurisdiction of the court is immediately appealable.

2. **Rules of Civil Procedure § 58; Appeal and Error § 14— notice of appeal—time running from entry of judgment—clerk's entry improper**
   Though the clerk's notation in the minutes of the court is ordinarily the date from which time for notice of appeal runs, the trial judge in this case directed that the date of entry of the court's written order and not the earlier date of the hearing was the date of entry for purposes of appeal, and the clerk should not have noted an entry of judgment on the date of the hearing.

3. **Rules of Civil Procedure §§ 4, 24— motion to intervene—service sufficient to acquire jurisdiction**
   An intervenor party who is granted permission to intervene pursuant to G.S. 1A-1, Rule 24(b)(2) is not required then to issue a summons and complaint pursuant to Rule 4, but the service pursuant to Rule 5 of the motion to intervene accompanied with the complaint is sufficient service upon the party against whom relief is sought or denied in the intervenor's pleading and is sufficient process to acquire jurisdiction over the party if all other requisites for jurisdiction over the party are met.

APPEAL by plaintiffs, plaintiff intervenor and defendant from *McKinnon, Judge.* Orders entered 27 February 1979 and 14 June 1979 in Superior Court, ORANGE County. Heard in the Court of Appeals 29 January 1980.

This is a civil action brought by plaintiffs and plaintiff intervenor to recover money which they alleged was due them from defendant in connection with the development of a shopping center near Rocky Mount, North Carolina. Plaintiffs filed a complaint on 15 June 1977 alleging that they and defendant entered into a partnership or joint venture to develop a shopping center evidenced by a letter agreement dated 18 June 1974 whereby defendant would be liable for half of all funds paid or advanced for the development. Plaintiffs alleged that pursuant to the agreement they advanced $398,856.00 for the project and defendant was liable for half this amount. Defendant filed answer denying the claim of liability to plaintiffs and counterclaimed against plaintiffs for failure to perform their obligations with respect to the proposed mall. In his defense to plaintiffs' claim, defendant alleged in part that "the plaintiffs (through a corporation owned by them, Hanover Brook, Inc.) and the defendant entered into an agreement with W. Roy Poole and Mary R. Poole . . . to purchase certain property. . . . The plaintiffs and the defendant proposed to develop on that property a shopping center. . . ."

On 27 September 1978, a Motion to Intervene in this action was filed by plaintiff intervenor, Hanover Brook, Inc. A proposed complaint was attached alleging as a first cause of action a right to an accounting for a joint venture or partnership between plaintiff intervenor and defendant for development of the shopping center near Rocky Mount, North Carolina. Through the accounting, plaintiff intervenor sought recovery of half of the losses in the project. The complaint contained a second cause of action alleging that plaintiff intervenor was substituted for plaintiffs in the performance of the partnership agreement evidenced by the 18 June 1974 letter agreement, which was the basis of plaintiffs' complaint. Plaintiff intervenor alleged a novation which made it the assignee of the original plaintiff and that it was, therefore, entitled to an accounting. On 6 December 1978, Judge F. Gordon Battle entered an order granting, pursuant to Rule 24(b)(2) of the Rules of Civil Procedure, plaintiff intervenor's motion. The order provided in part:

3. The proposed pleading attached to the applicant's motion to intervene shall constitute the initial pleading of the intervenor plaintiff; and it shall be deemed to have been filed the date of this order;

4. The defendant herein shall have thirty days from the date of this order to plead or otherwise respond to the intervenor's complaint;

5. Discovery in this action shall be re-opened and may continue up to thirty days before this action is set for trial.

No summons was ever issued to defendant in connection with plaintiff intervenor's suit. Defendant moved to dismiss the complaint on grounds of insufficiency of process and insufficiency of service of process. After a 20 February 1979 hearing, Judge Henry A. McKinnon, Jr., entered an order on 27 February 1979 denying the motion to dismiss. The trial judge found as facts:

1. On September 26, 1978, Thomas P. McNamara, attorney for the intervenor, served a copy of the Intervenor's Motion to Intervene and the Intervenor's Complaint on defendant Samuel M. Longiotti by mailing a copy of both these documents in the United States Mail, first-class, postage prepaid to the attorney of record for the defendant;

2. The attorney of record for Samuel M. Longiotti submitted a memorandum in opposition to the Motion to Intervene, dated October 26, 1978, to the court;

3. After argument of counsel on October 26, 1978, The Honorable F. Gordon Battle, Judge of Superior Court, entered an Order dated November 6, 1978, granting the intervenor's motion;

4. Paragraph 3 of the Order granting the motion to intervene provided that the proposed pleading attached to the applicant's Motion to Intervenor [*sic*] shall constitute the initial pleading of the intervenor plaintiff; and it shall be deemed to have been filed the date of that Order;

5. Paragraph 4 of the Order granting the motion to intervene provided that the defendant would have 30 days from the date of the Order to plead or otherwise respond to the Intervenor's Complaint;

6. The original Complaint and the Intervenor's Complaint alleged certain transactions with the defendant with respect to a shopping center known as Sunset West Mall near Rocky Mount, North Carolina;

7. The $199,000 sued for in the original plaintiff's Complaint is included in the $312,000 sued for in the Intervenor's Complaint.

Upon these facts, the trial judge concluded plaintiff intervenor was not required to have summons issued pursuant to Rule 4(a) of the Rules of Civil Procedure but instead he was to comply with Rule 5 of the Rules of Civil Procedure and plaintiff intervenor had complied with Rule 5. The trial judge further concluded that the 6 November 1978 order really performed the function of a summons since it gave defendant thirty days in which to respond and that service pursuant to Rule 5 gave defendant sufficient notice.

At the 20 February 1979 hearing, the trial judge instructed plaintiff intervenor's attorney to prepare an order within twenty days. Defendant's attorney requested notice of the signing and entry of the order which the trial judge granted. The trial judge received and signed a copy of the order on 27 February 1979, and a copy was mailed to defendant's attorney, who filed written notice of appeal on 8 March 1979. Without the knowledge of the trial judge, the clerk, on the day of the hearing, made a notation in the minutes of the court that defendant's motions to dismiss plaintiff intervenor's complaint were denied that day, 20 February 1979.

On 26 April 1979, plaintiffs and plaintiff intervenor moved to dismiss the appeal on the ground defendant had not given notice of appeal within ten days of the trial judge's order. At a 4 June 1979 hearing, Judge McKinnon denied the motion ruling that the parties and the trial judge had agreed at the 20 February 1979 hearing that the time for responding to plaintiff intervenor's complaint would not begin to run until the written order had been signed, filed and notice given to defendant and that he did not intend the order to be final until an approved written order was signed. From this ruling, plaintiffs and plaintiff intervenor appealed.

*Purrington, McNamara and Pipkin, by Ashmead P. Pipkin, for plaintiffs and plaintiff intervenor appellants and appellees.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston, by Mark R. Bernstein and Fred T. Lowrance, for defendant appellant and appellee.*

VAUGHN, Judge.

[1, 2] The trial court's ruling denied defendant's motion to dismiss for insufficiency of process and improper service of process. Without proper and sufficient service of process, the trial court had no jurisdiction over his person. An adverse ruling on the jurisdiction of the court is immediately appealable.

> Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant. . . .

G.S. 1-277(b). Rule 3(c) of the North Carolina Rules of Appellate Procedure permits appeal from "a judgment or order" within ten days after its entry. The order in this case which was signed and filed on 27 February 1979 states "The motion of the defendant to dismiss the Intervenor's Complaint on the ground of insufficiency of process and insufficiency of service of process is *hereby denied.*" (Emphasis added.) The date of entry of this written order and not the earlier date of hearing is the date of entry for purposes of appeal and defendant's notice of appeal was served within ten days of the entry of the order. The clerk's notation is ordinarily the date from which time for notice of appeal runs. G.S. 1A-1, Rule 58; *see also* Drafting Committee Note to Rule 3 of the Rules of Appellate Procedure. Here, however, the trial judge, as reflected in the record of the hearing, indicated a later date. The clerk should not have noted an entry of judgment in defendant's motion on 20 February 1979. The trial judge directed a date contrary to the hearing date.

[3] The granting of a motion to intervene pursuant to Rule 24 is not ordinarily appealable. *Wood v. City of Fayetteville,* 35 N.C. App. 738, 242 S.E. 2d 640 (1978). However, the question before us involves an immediately appealable adverse ruling to defendant that plaintiff intervenor has jurisdiction over him. The issue is thus whether, after a motion to intervene, which must be accom-

panied by a proposed pleading, had been served upon all affected parties and the motion is granted, is service of process pursuant to Rule 4 of the Rules of Civil Procedure required or is the former service of the motion and complaint pursuant to Rule 5 of the Rules of Civil Procedure sufficient. We hold that an intervenor party who is granted permission to intervene pursuant to Rule 24(b)(2) is not required to then issue a summons and complaint pursuant to Rule 4 but that the service pursuant to Rule 5 of the motion to intervene accompanied with the complaint is sufficient service upon the party against whom relief is sought or denied in the intervenor's pleading and is sufficient process to acquire jurisdiction over the party if all other requisites for jurisdiction over the party are met.

The procedure for intervention is provided in subsection (c) of Rule 24.

A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene, except when the statute prescribes a different procedure.

G.S. 1A-1, Rule 24(c); *see also Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978). In the Federal Rules of Civil Procedure, subsection (c) states that "[a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5." The North Carolina rule merely ends the sentence with the words "all parties affected thereby" instead of "the parties as provided in Rule 5." While our rule does not expressly provide for service of the motion to intervene pursuant to Rule 5, we think this is the better procedure and certainly in keeping with the spirit and purpose of the Rules of Civil Procedure.

(a) Service — when required. — Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, de-

mand, offer of judgment and similar paper shall be served upon each of the parties, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

(b) Service—how made.—A pleading setting forth a counterclaim or crossclaim shall be filed with the court and a copy thereof shall be served on the party against whom it is asserted or on his attorney of record. With respect to all pleadings subsequent to the original complaint and other papers required or permitted to be served, service with due return may be made in the manner provided for service and return of process in Rule 4 and may be made upon either the party or, unless service upon the party himself is ordered by the court, upon his attorney of record. With respect to such other pleadings and papers, service upon the attorney or upon a party may also be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by filing it with the clerk of court. Delivery of a copy within this rule means handing it to the attorney or to the party; or leaving it at the attorney's office with a partner or employee. Service by mail shall be complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

G.S. 1A-1, Rule 5(a)(b); *see* Shuford, N.C. Civil Practice and Procedure § 24-10 (1975). Service of the motion and pleading upon all affected parties in this manner will give them an opportunity to be heard on the motion.

An intervenor is not considered a party until an order is entered granting his motion to intervene. *Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc.*, 116 F. 2d 845 (2d Cir. 1941). The granting or denial of this motion to intervene pursuant to Rule 24(b)(2) as in this case is discretionary with the trial judge and reviewable only for abuse of that discretion. *Ellis v. Ellis*, 38 N.C. App. 81, 247 S.E. 2d 274 (1978). Defendant contends that once the trial judge has granted the motion to intervene because the "ap-

plicant's claim or defense and the main action have a question of law or fact in common", G.S. 1A-1, Rule 24(b)(2), the intervenor must issue summons and serve the complaint pursuant to Rule 4. He points to the cases of *In the Matter of the Indiana Transportation Company*, 244 U.S. 456, 37 S.Ct. 717, 61 L.Ed. 1253 (1917) and *Ruck v. Spray Cotton Mills*, 120 F. Supp. 944 (M.D. N.C. 1954).

*Indiana Transportation* was a libel in admiralty for the death of an individual, arising out of the capsizing of a steamer. An agent of the corporation happened to be in the Northern District of Illinois and was properly served with summons and complaint by the original libellant. In less than a year, 373 other libellants, each alleging a different cause of action for wrongful death arising out of the same sinking, were permitted to intervene. The shipping corporation, an Indiana corporation objected to the jurisdiction of the Northern District of Illinois because one of its agents happened to be inside the district. The Court held:

> Not having any power in fact over the defendant unless it can seize him again, it cannot introduce new claims of new claimants into an existing suit simply because the defendant has appeared in the suit. The new claimants are strangers and must begin their action by service just as if no one had sued the defendant before.

244 U.S. at 458, 37 S.Ct. at 718, 61 L.Ed. at 1255.

*Indiana Transportation* is distinguishable in that new claims were introduced after the defendant was no longer subject to process in the jurisdiction. Defendant in the case before us does not contend that he is not subject to the jurisdiction of our courts and service of process here but that it should be served pursuant to Rule 4 instead of Rule 5 of the Rules of Civil Procedure. Further, there is some question whether the rule of this case relied on by defendant survived the adoption of the Federal Rules of Civil Procedure. *Berman v. Herrick*, 30 F.R.D. 9 (E.D. Penn. 1962); *Tatem v. Southern Transportation Co.*, 5 F.R.D. 36 (E.D. Penn. 1945); 3B Moore's Federal Practice ¶ 24.20 (2d ed. 1979). Finally, each death in *Indiana Transportation* was a separate cause of action while in the case at hand, the same basic facts—the existence of a partnership for development of a shopping center and subsequent losses—are alleged by both plaintiff and plaintiff intervenor and the same rules of partnership law are applicable.

In *Ruck*, the other case relied on by defendant, again the reach of the court's jurisdiction was involved and not just a matter of proper service to obtain jurisdiction. The original plaintiff in *Ruck*, a Swiss citizen, brought an action in North Carolina to compel Spray Cotton Mills to pay a dividend. After defendant filed answer, the parties settled the dispute without bothering to inform plaintiff's counsel whom plaintiff also neglected to pay. Plaintiff's counsel, upon learning of the events, withdrew as counsel and intervened in the action they had prosecuted to recover compensation for their services and the costs of the action. The original plaintiff moved to dismiss for lack of service on him and the defendants moved to dismiss the proposed intervention. The federal district court ruled against the intervenor holding that this was an independent action for collection of fees. As to the original defendants, the court found no diversity of citizenship between intervenors and defendants in this independent action. The intervenor had attempted to serve the original plaintiff by mailing a copy of the intervenor's complaint to the last known address of the original plaintiff. The court held "That the purported service of the notice and motion to intervene on the plaintiff, Ruck, was ineffectual to bring him into court in this proceeding, *an independent one*, and failed in compliance with the Rules of Civil Procedure as set out in 24a-c, 5(a), 4(c)." 120 F. Supp. at 947 (emphasis added). In the case at hand, we do not have an independent proceeding. It is a claim on common questions of fact and law.

Defendant's motion to dismiss under Rule 12(b) did not recite as grounds lack of jurisdiction over the person. G.S. 1A-1, Rule 12(b)(2). He moved to dismiss only for insufficiency of process and insufficient service of process. G.S. 1A-1, Rule 12(b)(4)(5). Defendant does not argue any ground that the court does not have jurisdiction over his person other than the sufficiency of process. The *Indiana Transportation* and *Ruck* cases involved more basic and fundamental questions of the court's jurisdiction than insufficient or improper service of process. In this case, defendant reaches an attack on the jurisdiction of the court over his person *only* through the sufficiency of the process served upon him.

Thus today, we do not reach the question of the proper manner to serve a party with notice of intervention where the party claims he is no longer subject to personal service in the jurisdic-

tion. We do note that the commentators on the Federal Rules would in such a case find service on the attorneys for the parties pursuant to Rule 5(b) sufficient. 7A Wright & Miller, Federal Practice and Procedure § 1919 at 610 (1972); 3B Moore's Federal Practice ¶ 24.20 at 24-911 (2d ed. 1979).

In the case at hand, service of the motion and proposed complaint pursuant to Rule 5 is sufficient service of process on defendant where the intervenor's complaint is not entirely independent of the original complaint and there is no objection that the intervenor's complaint could not be properly served on defendant in this jurisdiction. Plaintiff intervenor did not commence an action for purposes of Rule 3 of the Rules of Civil Procedure. G.S. 1A-1, Rule 3. Rather, he entered the already existing action, and his complaint did not commence a new action. Further, the trial judge in his order gave defendant ample time to respond to the new complaint in the cause of action. At this stage, having a clerk of court issue a summons to answer a complaint after a superior court judge has already provided for such is superfluous. Only service on all parties is required of the intervenor, not summons to the party against whom the intervenor makes complaint or defense.

Affirmed.

Judges HEDRICK and CLARK concur.