**Gail S. BAZZANO, et al., Plaintiffs,**

v.

**ROCKWELL INTERNATIONAL CORPORATION, Defendant.**

**No. 76–1199C(1).**

United States District Court,
E.D. Missouri, E.D.

April 6, 1983.

Opinion on Motion to Amend Judgment
May 12, 1983.

Daniel C. Cathcart, Los Angeles, Cal., Steven Ringkamp, St. Louis, Mo., Ronald K. Gurley, Tony B. Jobe, New Orleans, La., Charles E. Gray, St. Louis, Mo., for plaintiffs.

Reed W. Sugg, St. Louis, Mo., for defendant.

## JUDGMENT AND ORDER

NANGLE, District Judge.

Certified copy of Petition and Order of the Twenty-Fourth Judicial District Court, Jefferson Parish, State of Louisiana, Cause No. 190–294, filed, showing that Gail S. Bazzano is the duly appointed, qualified and acting Tutrix of Alicia Bazzano, Lydia Bazzano and Alessandra Bazzano, minors. Gail S. Bazzano, as Tutrix of said minors, is hereby substituted for Gail S. Bazzano, in her capacity as next friend for said minors, to prosecute the above styled action. Caption amended accordingly.

This cause previously came before this Court, with evidence adduced, and the cause taken under submission. This Court having duly considered the evidence adduced, the entire file in this case and the prior proceedings herein, and the proposed settlement of the above styled cause of action, hereby enters the following Judgment and Orders.

It is hereby ordered, adjudged and decreed that the plaintiffs, Gail S. Bazzano, individually, Alicia Bazzano, Lydia Bazzano, and Alessandra Bazzano, minors, by and through Gail S. Bazzano as tutrix of said minors, have and recover the sum of $450,000.00 from the defendant Rockwell International Corporation. Each party is to bear its own costs.

It is further ordered that the proposed settlement be approved as stated herein and the plaintiffs in this case pay Magana, Cathcart, McCarthy & Pierry, attorneys for plaintiffs, the sum of $150,000.00 as and for attorneys fees and plus the sum of $18,015.20 as and for expenses incurred in the preparation and prosecution of the above cause. Such attorneys fees and expenses shall be paid to such attorneys out of the proceeds of the above settlement. The Court finds that no other law firm is entitled to be compensated.

The net amount of the above judgment and settlement, after deduction of attorneys fees and expenses as aforesaid, in the sum of $281,948.80, is hereby apportioned pursuant to § 537.095 of the Revised Statutes of the State of Missouri as follows:

  a.   $197,389.36 to Gail S. Bazzano, individually.

  b.   $28,198.48 to Alicia Bazzano, by and through Gail S. Bazzano, tutrix of said minor.

  c.   $28,198.48 to Lydia Bazzano, by and through Gail S. Bazzano as tutrix of said minor.

  d.   $28,198.48 to Alessandra Bazzano, by and through Gail S. Bazzano as tutrix of said minor.

Such sums hereby apportioned in favor of the minor plaintiffs may be paid to Gail S. Bazzano in her capacity as tutrix for said minors. It is further ordered that such sums hereby apportioned in favor of said minors shall be held by Gail S. Bazzano, in her capacity as tutrix of said minors, solely for the benefit of said minors and in accordance with the laws of the State of Louisiana.

It is further ordered that Gail S. Bazzano, individually, and in her capacity as tutrix of said minors, deduct and pay the attorneys fees and expenses set forth hereinabove; to acknowledge satisfaction of judgment on payment thereof; to distribute the net proceeds as ordered by this Court; and to file appropriate receipts evidencing payment of attorneys fees, expenses, and distribution of the net proceeds as ordered by this Court. It is further ordered that no claimant herein is required to give bond in connection with the collection and distribution of the above amounts.

## APPENDIX

## PETITION FOR POSSESSION AND FOR APPOINTMENT OF SURVIVING PARENT AS TUTRIX

The petition of Gail Sansone Bazzano, widow of Gaetano Bazzano, domiciled in Jefferson Parish, respectfully states that:

1.   Gaetano Bazzano, referred to herein as decedent, was a citizen of Rome, Italy, residing in St. Louis, Missouri at the time of his death on December 29, 1975. He married but once and then to Gail Sansone.

APPENDIX—Continued

2. The decedent died intestate.

3. The decedent left property situated in Jefferson Parish, all of which was acquired during the existence of the community of acquets and gains which formerly existed between the decedent and his widow, Gail Sansone Bazzano.

4. By virtue of the facts set forth in the annexed affidavit to establish death, domicile and heirship, petitioner, Gail Sansone Bazzano, is the surviving widow of the decedent.

5. Three children were born of this marriage and they are the sole heirs of the decedent: Alicia Theresa Franca Bazzano born on May 4, 1972; Lydia Angela Louise Bazzano born on September 20, 1974; and Alessandra Nina Bazzano born on August 25, 1975. Decedent had no other children.

6. As widow of the decedent, petitioner is the owner of an undivided one-half of the property belonging to the community of acquets and gains which existed between her and the decedent; and she is entitled to the usufruct for the remainder of her life, or until remarriage, of the community property belonging to the succession of the decedent, since none of it has been disposed of by last will and testament and since all of it is inherited by the issue of her marriage with the deceased.

7. Alicia Theresa Franca Bazzano, Lydia Angela Louise Bazzano and Alessandra Nina Bazzano are the sole heirs of the deceased, entitled to the ownership, in equal shares, of the property belonging to the succession of the decedent, subject to the usufruct in favor of their mother, Gail Sansone Bazzano.

8. Petitioner obligates herself to pay any and all debts of the succession and accepts the succession simply on behalf of the heirs. Petitioner also accepts the community of acquets and gains which existed between her and the decedent.

9. Petitioner desires to be appointed as natural tutrix of the children born of petitioner's marriage to the decedent.

10. A sworn descriptive list of all property belonging to the succession, with its appraised values, is attached hereto.

WHEREFORE, petitioner prays that:

1. She be appointed tutrix of the minors Alicia Theresa Franca Bazzano, Lydia Angele Louise Bazzano, and Alessandra Nina Bazzano.

2. An undertutor of the minors be appointed and qualified in accordance with law.

3. There be no administration of this succession.

4. Gail Sansone Bazzano, widow of the decedent, be recognized as the owner and sent into possession of an undivided one-half of the property belonging to the community of acquets and gains between her and the decedent, and of the usufruct for the remainder of her life, or until remarriage, of the community property belonging to the succession of the decedent.

5. Alicia Theresa Franca Bazzano., Lydia Angela Louise Bazzano and Alessandra Nina Bazzano be recognized as the sole heirs of the decedent and as such as the owners in equal shares and sent into possession of the property belonging to the succession of their father, Gaetano Bazzano, subject to the usufruct in favor of their mother, Gail Sansone Bazzano.

/s/  Bluma F. Wolfson
Bluma F. Wolfson, Attorney at Law
518 South Rampart St. 70113
581–2328

STATE OF LOUISIANA

ORLEANS PARISH

BEFORE ME, the undersigned Notary, personally appeared Gail Sansone Bazzano, widow of Gaetano Bazzano, who was first duly sworn by me and who did then depose that:

She has read the attached petition and all of the allegations of fact contained therein are true and correct.

/s/  Gail Sansone Bazzano
Gail Sansone Bazzano

APPENDIX—Continued

Sworn to and subscribed before me this 24th day of July, 1976.

/s/ Bluma F. Wolfson
Notary Public

## ORDER

Considering the application of the mother of the minor children, Gail Sansone Bazzano, to be appointed as natural tutrix:

IT IS ORDERED THAT Gail Sansone Bazzano, widow of Gaetano Bazzano, is appointed as natural tutrix of the minor children Alicia Theresa Franca Bazzano, Lydia Angela Louise Bazzano, and Alessandra Nina Bazzano.

IT IS FURTHER ORDERED THAT THERESA T. SANSONE is appointed as undertutor of the minor children Alicia Theresa Franca Bazzano, Lydia Angela Louise Bazzano, and Alessandra Nina Bazzano.

Gretna, Louisiana, this 27th day of July, 1976.

/s/ _____
Judge

## ON MOTION TO AMEND JUDGMENT

This case is now before this court on the motion of the Law Firm of Jobe & Gurley to amend this court's judgment entered on April 6, 1983, or in the alternative to grant prior attorneys a new trial on the issue of attorneys' fees, or in the alternative to vacate this court's judgment, or in the alternative to stay proceedings to enforce the judgment entered on April 6, 1983. This motion arises out of the Law Firm of Jobe & Gurley's prior representation of the plaintiffs in this matter. On April 6, 1983, this court entered an order approving the proposed settlement of this case and ordering the payment of the sum of $150,000.00 as attorneys' fees plus the sum of $18,015.20 as expenses to the law firm of Magana, Cathcart, McCarthy and Pierry. In addition, this court ordered that "[s]uch attorneys' fees and expenses shall be paid to such attorneys out of the proceeds of the above settlement ... [and] that no other law firm is entitled to be compensated." In response

to this order, the firm of Jobe & Gurley filed its motion seeking amendment of the Judgment and requesting this court to enforce the attorneys' liens on the sums ordered distributed by the court. The attorneys' liens were perfected pursuant to Mo. Rev.Stat. § 484.130 and § 484.140.

There is no question that if a plaintiff is dissatisfied with his attorney's legal representation he has the right to discharge his attorney and employ other counsel. However, this right is subject to the attorney's ability to receive payment under certain circumstances. *Craig v. Jo B. Gardner, Inc.,* 586 S.W.2d 316 (Mo. en banc 1979); *In Re Downs,* 363 S.W.2d 679, 687 (Mo. en banc 1963). Under Missouri law, an attorney has a lien for his services from the commencement of an action or the service of an answer pursuant to Mo.Rev.Stat. § 484.130. *Satterfield v. Southern Railway Co.,* 287 S.W.2d 395 (Mo.App.1956). Federal courts recognize only those liens on a cause of action in behalf of an attorney which are provided under local law.

Although Missouri law provides for an attorney's lien, the statute does not delineate a specific method for enforcement. *German v. Universal Oil Products Co.,* 77 F.2d 70 (8th Cir.1935); *Ruck v. Spray Cotton Mills,* 120 F.Supp. 944 (M.D.A.C.1954). However, courts have held that in the absence of fraud or collusion, settlement of a case by a client extinguishes the original cause of action and requires an attorney to file an independent action against his client if his lien has been disregarded. *German v. Universal Oil Products,* 77 F.2d at 73. A court does not have ancillary jurisdiction over a controversy presented by counsel intervening in the original action merely because it had jurisdiction over the original controversy. *Ruck v. Spray Cotton Mills,* 120 F.Supp. at 947.

Applying the above principles to the facts of this case, it is clear that the motion of the Law Firm of Jobe & Gurley must be denied. The firm has not attempted to intervene in this action, nor has counsel presented this court with a basis for

/

invoking a federal court's jurisdiction in the event the firm attempted to intervene. Furthermore, it is the opinion of this court that intervention is not appropriate means of enforcing an attorney's lien once the attorney-client relationship is severed because counsel is not a party to this action. *See McLaughlin v. McLaughlin,* 427 S.W.2d 767 (Mo.App.1968).