ROBERTSON, Justice,
for the Court:
This case presents a narrow but not insignificant procedural question concerning intervention practice under Rule 5, not Rule 24, Mississippi Rules of Civil Procedure. Once a trial court has appropriately entered an order granting a motion for leave to intervene, by what procedure must the intervenor serve his pleading upon the other parties to the action?
The question arises in the context of a suit against a contractor in default on a project for construction of a portion of U.S. Highway 78 in DeSoto and Marshall Counties. The contractor — actually three parties: Smith-Johnson, Inc., King-Smith, Inc., and W.E. Smith (hereinafter collectively “Contractor”) — had, of course, executed the mandatory public works contract bond, with Fidelity and Deposit Company of Maryland (hereinafter “F & D” or “surety”) as surety, all in connection with a July 10, 1978, highway construction contract.
Today’s intervenor is an unpaid material-man, Raymond Breland, who alleges that he had an agreement with Contractor to furnish ready-mix concrete for use in the project. Breland alleges that he was not paid by Contractor and that he has subsequently obtained a judgment against Contractor in the amount of $79,471.13 in the United States District Court for the Northern District of Mississippi. That judgment was affirmed long ago and is now final. Breland v. King-Smith, Inc., 734 F.2d 1477 (5th Cir.1984).
The present action began on June 23, 1983, when another of Contractor’s creditors, Crump-Nashville, Inc., filed suit in the Circuit Court of Marshall County, Mississippi, against Contractor and F & D, its surety. Crump-Nashville, Inc. alleged that it had furnished insurance for a subcontractor on the Highway 78 project, that the premiums had not been paid, and that Contractor and F & D were jointly and severally liable.
On August 15, 1983, Breland appeared and filed his motion to intervene.[1] Breland sought leave, upon intervention, to seek, inter alia, enforcement of its federal court judgment. All parties concede that Bre-land had a right to intervene. Miss.Code Ann. § 31-5-9 (1972)[2]; Rule 24(a)(1), Miss. R.Civ.P. Immediately thereafter, the Circuit Court entered its order granting the motion for leave to intervene. Subsequently, again on August 15, 1983, Breland filed his complaint in intervention and served a copy of same upon counsel of record for Contractor.
On January 13, 1984, Contractor and surety filed a motion to dismiss Breland’s complaint in intervention alleging, among other grounds, that Breland had failed to “perfect” his complaint against Contractor within a one year period from date of final acceptance of the contract by the State of Mississippi as required by Miss.Code Ann. § 31-5-7 (1972). The alleged “imperfection” in the complaint in intervention is that Breland failed to perfect service upon Contractor and surety within the one year *391 period of time via issuance of new process. See Rule 4, Miss.R.Civ.P.[3]
On November 14, 1984, the Circuit Court entered its order dismissing Breland’s complaint in intervention. Although the order is silent regarding the reasons for the dismissal, a collective reading of the briefs of the parties makes it clear that the Circuit Court’s action was predicated upon Bre-land’s failure to have new Rule 4 process issue for Contractor, rather than merely serving a copy of the complaint for intervention upon Contractor’s counsel. See Rule 5(b), Miss.R.Civ.P.
This appeal turns upon construction and application of the provisions of Rule 5, Miss.R.Civ.P., for once the order was entered allowing Breland to file his complaint in intervention, the force of Rule 24 was spent. Rule 5(a), in pertinent part, provides:
Except as otherwise provided in these rules, ..., every pleading subsequent to the original complaint ... shall be served upon each of the parties.
Breland’s complaint in intervention is a pleading subsequent to Crump-Nashville, Inc.’s original complaint and, therefore, was subject to the service requirement of Rule 5(a). No other provision of the rules provides to the contrary.
Rule 5(b) then prescribes the method by which service may be made of those papers required to be served under Rule 5(a). Rule 5(b), in pertinent part, provides:
Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such attorney unless service upon party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy of him or mailing it to him at his last known address, or if no address is known, by leaving it with the clerk of the court.... Service by mail is complete upon mailing.
At the time of the entry of the order granting the complaint in intervention, Contractor was “a party who is represented by an attorney of record in the proceedings.” Breland effected service upon Contractor in compliance with the methodology prescribed in Rule 5(b). This is, we hold, the correct method for serving a complaint in intervention once leave to intervene has been granted.
Neither the rules nor common sense suggest issuance of new Rule 4 process. For one thing the party or parties against whom the complaint in intervention has been filed are already subject to in person-am jurisdiction before the court. Cf. Covington v. Covington, 459 So.2d 780, 782 (Miss.1984). Moreover, at this point all that need be accomplished is that the parties complained of be given notice of the filing of the complaint in intervention (via delivery of a copy of same by some practicable means) and a reasonable opportunity to respond. Id. As the Rule 5(b) service methodology has already been established as the way post-suit notice given, little common sense would attend departure from that methodology and resort to new service of process. Anomaly surely attends the suggestion that new Rule 4 process issue upon the filing of the complaint in intervention in that, without doubt, the Rule 24 motion to intervene, with complaint in intervention attached, has already been served as provided in Rule 5(b).
While we have not heretofore addressed the question, we find persuasive authorities in the federal courts and in several sister states wherein the rules of procedure are identical. For example, in City of Philadelphia v. Morton Salt Company, 248 F.Supp. 506, 509 (E.D.Pa.1965), the court specifically held that service of the inter-venor complaints was effective where copies were delivered to the defendant’s attorney of record pursuant to Rule 5(b), F.R. Civ.P. See also, Berman v. Herrick, 30 *392 F.R.D. 9, 11 (E.D.Pa.1962) and Marshall v. Electric Hose & Rubber Company, 68 F.R.D. 287, 290 n. 1 (D.C.Del.1975).
State courts having intervention rules almost identical to ours have addressed the issue. Memorial Hospital Association, Inc. v. Knutson, 239 Kan. 663, 722 P.2d 1093, 1096 (1986), held that a motion to intervene pursuant to K.S.A. 60-224[4] may be served on a party pursuant to K.S.A. 60-205,[5] without the issuance of new process. See also Wilson & Walker v. State 230 Kan. 49, 55-56, 630 P.2d 1102, 1007 (1981).
Quite arguably, no new service of the complaint in intervention is necessary after entry of the order allowing intervention. After all, before it could be granted, a motion to intervene would have to have attached to it a copy of the complaint in intervention, Rule 24(c), Miss.R.Civ.P.; Guaranty National Insurance Company v. Pittman, 501 So.2d 377, 382 (Miss.1987), and would have to be served on all parties, Rule 5(b), Miss.R.Civ.P. If this be so, new service after entry of the order granting the motion to intervene might seem surplusage for everyone in the case would already have a copy of the complaint in intervention. Indeed, this approach seems to have been followed in North Carolina. In Kahan v. Longiotti, 45 N.C.App. 367, 263 S.E.2d 345, 348-49 (1980) overruled on other grounds Love v. Moore, 305 N.C. 575, 291 S.E.2d 141, 146 (1982), the court framed the issue and addressed it as follows:
The issue is thus whether, after a motion to intervene, which must be accompanied by a proposed pleading, has been served upon all affected parties and the motion is granted, is service of process pursuant to Rule 4 of the Rules of Civil Procedure required or is the former service of the motion and complaint pursuant to Rule 5 of the Rules of Civil Procedure sufficient. We hold that an inter-venor party who is granted permission to intervene pursuant to Rule 24(b)(2) is not required to then issue a summons and complaint pursuant to Rule 4 but that the service pursuant to Rule 5 of the motion to intervene accompanied with the complaint is sufficient service upon the party against whom relief is sought or denied in the intervenor’s pleading and is sufficient process to acquire jurisdiction over the party if all other requirements for jurisdiction over the party are met.[6]
263 S.E.2d at 348.
North Carolina reaffirmed this approach in In Re Baby Boy Shamp, 82 N.C.App. 606, 347 S.E.2d 848 (1986). In that case, a motion to intervene was served upon the attorneys for a guardian ad litem and others by mail in accordance with Rule 5. The court held that a party who intervenes pursuant to Rule 24 is not required to issue a summons and complaint pursuant to Rule 4. 347 S.E.2d at 851. Instead, service pursuant to Rule 5 would suffice.[7] Id.
These authorities make clear that, once a Rule 24 intervention has been allowed, no new Rule 4 service of process is necessary to require all parties complained *393 of who are already in the action to answer on pain of default. To the extent that they suggest that no new Rule 5 service is necessary, we demur. Once the motion to intervene is granted, the complaint in intervention must be filed, even if that act is accomplished merely by detaching the complaint in intervention from the motion to which it had been exhibited and handing it back to the clerk for filing. However this new filing be done, it is subject to the service requirement of Rule 5(a) and the service methodology of Rule 5(b).
By reason of the foregoing, we hold that Breland’s complaint in intervention was effectively served upon Contractor and surety when Breland’s attorney placed same in the mail on August 15,1983. Covington v. Covington, 459 So.2d 780 (Miss.1984). No new process or other service of the complaint in intervention upon Contractor and surety were necessary. Accordingly, the Circuit Court erred when it granted Contractor and surety’s motion to dismiss Bre-land complaint in intervention. The order of November 14,1984, dismissing Breland’s complaint in intervention is vacated and this case is restored to the active docket of the Circuit Court of Marshall County for further proceedings, consistent with this opinion, as though the aforesaid motion to dismiss had been overruled and denied.
REVERSED, RENDERED AND REMANDED
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.

. On January 17, 1984, Crump-Nashville’s complaint was finally dismissed. The case remained (and after today’s decision, remains) viable by virtue of the intervention of Breland and possibly one other intervenor.

. Miss.Code Ann. § 31-5-9 (1972) reads as follows:
When suit is instituted, any person entitled to sue may, upon application, intervene and may be made a party to said suit; however, such intervention must occur within the time limited for such persons to bring an original action. The surety on said bond, upon application duly made, shall have the right to require all known claimants under the bond to be joined as parties in any action hereunder.
This statute was repealed effective from and after April 1, 1981. See Miss.Code Ann. § 31-5-9 (Supp.1986). However, the repealing legislation provides that the statute will continue in full force and effect as to all bonds and contracts entered into prior to April 1, 1981. Here, the contracts and bond were entered into in July, 1978.

. We refer to Rule 4, Miss.R.Civ.P., as it read in late 1983 and early 1984, not as it was amended. effective March 1, 1985.

. K.S.A. 60-224 is the Kansas counterpart to Rule 24, Miss.R.Civ.P. Specifically, K.S.A. 60-224(c)(1) is identical to Rule 24(c), Miss.R. Civ.P., providing the procedure one shall follow in serving a motion to intervene.

. K.S.A. 60-205 is identical to Rule 5, Miss.R. Civ.P.

. North Carolina Rules of Civil Procedure 5 and 24 are identical to Rules 5 and 24, Miss.R.Civ.P. For the sake of precision, it should be noted that in Kahan, the North Carolina court addressed the type of service of process that one must follow who intervenes with permission according to Rule 24(b)(2). In the instant case, Bre-land intervened of right pursuant to Rule 24(a)(1).

.Although Kahan specifically dealt with service of process that a party must follow who intervenes permissively pursuant to Rule 24(b)(2), Shamp, in reaffirming this approach, makes no distinction between permissive intervention and intervention of right. Therefore, it appears that the North Carolina court requires service of process pursuant to Rule 5 when one intervenes under Rule 24, regardless of whether it is permissive or intervention of right.