These parties were divorced on January 4, 1982, and the judgment of divorce provided, among other things, that appellant would pay unto the appellee lump-sum alimony in the amount of $50,000, which was to be paid in yearly installments of $10,000 per year, the payments being due on June 1, 1982, June 1, 1983, etc. Appellant was also ordered to contribute $8,000 to appellee's attorney's fees, plus $500 for expenses, these fees and expenses to be paid by March 4, 1982.
On June 21, 1982, appellee was granted a judgment for $10,380, on the first lump-sum alimony payment, which appellant failed to pay by June 1st. This judgment included $350 attorney's fees and court costs. On June 7, 1983, when appellant failed to pay the second installment of the lump-sum alimony, he was again adjudged to be in contempt and appellee was awarded a judgment of $10,465, which included attorney's fees and costs of court.
The original judgment of divorce was appealed to the Mississippi Supreme Court and was there affirmed and petition for rehearing was denied. Covington v. Covington, 440 So.2d 544
(Miss. 1983).
On August 5, 1983, yet a third motion to find the defendant in contempt was filed in the Chancery Court of the First Judicial District of Hinds County, Mississippi, requesting that the appellant be incarcerated in the Hinds County jail until he had purged himself of the contempt of court by paying unto the appellee the sum of $29,345 for the outstanding indebtedness owed on the lump-sum alimony, plus interest from the date of the judgments, less the sums already paid by the defendant.
Appellee's attorney sent notice of this motion to the appellant, Dr. Frank L. Covington, Jr., Biloxi, Mississippi, and his attorney, Honorable David P. Oliver at 1922 22nd Street, Gulfport, Mississippi. Both *Page 781 
Appellant Covington and Attorney Oliver received this notice.
Five days after the filing of the motion, appellant's attorney filed a special appearance for dismissal, in which he alleged that his proper address was 1922 23rd Avenue, and, as process was not served by a Harrison County deputy sheriff on the respondent, that the proceedings should be quashed. Appellant further moved in his special appearance for dismissal for a judgment on the pleadings under Mississippi Rules of Civil Procedure 12(c).
On the 29th day of August, the motion came on to be heard and Chancellor Paul G. Alexander denied the motion for dismissal on special appearance and proceeded to hear the contempt.
At the commencement of the contempt hearing, appellee's counsel offered to stipulate that appellant had paid $5,000 on the arrearage and was now in arrears in a total of $24,345, to which appellant's counsel responded that he could not argue with that. Thereupon, appellee rested. Appellant offered no proof and the chancellor found Frank L. Covington, Jr. to be in arrears in his lump-sum alimony payment in the amount of $24,345. He further assessed to appellant the sum of $250 toward attorney's fees for this hearing and all costs of court, for a total arrearage of $24,595. The chancellor then ordered appellant incarcerated in the custody of the sheriff of Hinds County, Mississippi, until such time as he shall have purged himself of said contempt by the payment of $24,595 into the registry of the court.
The issue presented by this appeal is: Must the defendant in a contempt proceeding be served with process to confer personal jurisdiction on the chancery court when the court had personal jurisdiction over the defendant at the time of the divorce, or is actual notice by letter under motion practice of the Mississippi Rules of Civil Procedure sufficient?
The answer is that when the chancery court had personal jurisdiction of the defendant at the time of the divorce that personal jurisdiction continues and notice to the defendant by mail is sufficient and actual service of process upon the defendant is not required.
The Mississippi Rules of Civil Procedure pertinent to the question follow:
 Rule 81(d)
 (d) Domestic Relations. Complaints, petitions, or motions for temporary relief pending a divorce or separation action, for modification of custody, support, and alimony judgments, and for enforcement of such judgments by contempt proceedings or otherwise, shall be governed by the provisions of these rules as to motions. (emphasis added).
 Rule 6(d)
 TIME
 (d) Motions. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than five days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.
Rule 81(d) clearly brings proceedings for contempt or to enforce judgments under motion practice. The comment to Rule 81 says that "in any instance . . . in which the controlling statutes are silent as to a procedure, such as . . . form of summons and methods of service of process and notices, . . . the Mississippi Rules of Civil Procedure govern." Section 9-5-87, Mississippi Code Annotated (1972), is the statute addressing the power of contempt of court in situations where a party does not comply with a chancery court's injunction, order or decree. It provides: *Page 782 
 The chancery court . . . shall have power to punish any person for breach of injunction or any other order, decree, or process of the court, by fine or imprisonment; . . . but such person shall first be cited to appear and answer.
The statute is silent as to methods of service of notices and, therefore, the Mississippi Rules of Civil Procedure govern.
Mississippi Rule of Civil Procedure Rule 5 provides in pertinent part:
 Rule 5
 (a) Service: When Required. . . . every written motion other than one which may be heard ex parte, and every written notice, . . . shall be served upon each of the parties.
Rule 5(b) in pertinent part says:
 (b) Service: How Made. Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon such an attorney unless service upon party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address, or if no address is known, by leaving it with the clerk of the court. . . . Service by mail is complete upon mailing.
Under the Mississippi Rules of Civil Procedure it is clear on the facts of this case that the Mississippi Rules of Civil Procedure as they pertain to motions apply. It is also apparent that under those rules the court had jurisdiction based upon personal receipt of notice of the motion hearing by the defendant.
The question raised by this appeal concerns the reasonable advance notice component of the federal and state due process clauses, see Mullane v. Central Hanover Bank Trust Company,339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), not inpersonam jurisdiction. The chancery court retained continuing personal jurisdiction of the parties to the divorce in matters concerning the divorce action. Campbell v. Campbell,357 So.2d 129, 132 (Miss. 1978). The principle of continuing jurisdiction has long been recognized in domestic relations cases. See Crumv. Upchurch, 232 Miss. 74, 98 So.2d 117 (1957); Gresham v.Gresham, 198 Miss. 43, 21 So.2d 414 (1945). Rule 5 is based upon the presumption that the court has already gained jurisdiction over the parties and that is the case here. Actual service of process would not be again required to give the court personal jurisdiction over Covington. All that would be required would be notice.
However, we must address the issue of whether or not the "notice" was sufficient to give due process. In our view, it is, based upon Mullane v. Central Hanover Bank Trust Company,supra, where the United States Supreme Court said:
 An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (citations omitted) This notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance. (citations omitted) But if with due regard for the practicalities and pecularities of the case these conditions are reasonably met, the constitutional requirements are satisfied.
Id. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873.
Where, as here, the defendant himself as well as his attorney received the notice of motion it cannot be said that the requirements of Mullane have not been met. The court obtained personal jurisdiction of Covington in the divorce action and that jurisdiction was continuous. Covington actually received notice of the contempt that was reasonably calculated under the circumstances to apprise him of the pendency of the action and to afford him an opportunity to be heard. He was also afforded more time than the Mississippi Rules of Civil *Page 783 
Procedure require for him to make his appearance. Therefore, under these circumstances the constitutional requirements of due process were satisfied.
The chancellor was, therefore, eminently correct in not quashing the process, as service of process was not required and the chancery court had jurisdiction to enter its decree adjudging Covington in contempt. We, therefore, affirm.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
PATTERSON, C.J., and DAN M. LEE, J., not participating.