574 So.2d 694 (1991)
Deneice Pugh COOLEY
v.
Ronald V. COOLEY.
No. 89-CA-1162.
Supreme Court of Mississippi.
January 23, 1991.
Rehearing Denied February 20, 1991.
*695 Mike Sims, Heidelberg, for appellant.
Jack Parsons, Rebecca Cartledge Taylor, Parsons & Taylor, Wiggins, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
On February 15, 1985, Ronald V. Cooley and Deneice Pugh Cooley were granted a divorce in the George County Chancery Court on the basis of irreconcilable differences. Deneice was given custody of the two children of the marriage. A visitation schedule provided Ronald visitation with the children at specified times. Ronald was ordered to pay $400.00 a month in child support.
Since the divorce, these two parties have returned to court on many occasions. The results of the litigation have been modifications in visitation. Custody of the children has always remained in Deneice.
The course of this litigation has been complicated by the fact that Deneice has moved a number of times. Since October of 1984, she has lived in Mobile, Alabama; McComb, Mississippi; Metairie, Louisiana; *696 Algiers, Louisiana; and currently has a job with the Department of Defense in Japan.
A further complication has resulted from the fact that Deneice has changed counsel several times. Originally, John L. Hunter was her counsel. He withdrew in September of 1986, and Deneice retained the firm of Guirola and Jackson. Guirola withdrew in September of 1988. John Sims was retained by Deneice to file a Special Entry of Appearance and is acting for Deneice in the current action.
This appeal is a result of a Nunc Pro Tunc Judgment entered by the George County Chancery Court on September 13, 1989. That Judgment was in response to three Complaints filed by Ronald on September 1, 1987, October 21, 1988, and February 10, 1989.
In the Judgment, Chancellor Glenn Barlow found Deneice in willful, contumacious contempt of court for failing to permit her former husband to visit their two children. Deneice was ordered to serve a ninety (90) day period in the George County Jail which sentence would be stayed until August 15, 1989. She was ordered to deliver the children to Ronald on or before that date for six weeks visitation. Child support payments were ordered abated until such time as Deneice would personally appear before the Court asking for relief. Temporary custody was given to Ronald effective August 16, 1989, if Deneice failed to deliver the children on or before August 15, 1989. Deneice was ordered to pay attorneys fees in the sum of $6,032.00.
From this ruling, Deneice assigns eleven errors. We address only those which merit some discussion.

THE UNIFORM CHILD CUSTODY JURISDICTION ACT
Deneice contends that the George County Chancery Court should have declined jurisdiction of this case under the Uniform Child Custody Jurisdiction Act. Deneice makes this claim based on the fact that she and the children had established residency in Louisiana six months prior to the two Complaints which Ronald filed on October 21, 1988 and February 10, 1989.
Mississippi adopted the Uniform Child Custody Jurisdiction Act (UCCJA) in 1982. See Miss. Code Ann. §§ 93-23-1 to 93-23-47 (Supp. 1990). According to § 93-23-5, a Mississippi court has jurisdiction to hear a child custody matter if
(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he had been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(d)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
In Roberts v. Fuhr, 523 So.2d 20 (Miss. 1987), we found that Mississippi had continuing jurisdiction in the child custody action because Mr. Roberts was required to post a ne exeat bond and because "the Mississippi court exercised continuous and ongoing jurisdiction of the matter with full notice and appearance by all principals." Roberts, 523 So.2d at 27.
*697 We declined to exercise our continuous jurisdiction in Walker v. Luckey, 474 So.2d 608 (Miss. 1985). We found that Florida had jurisdiction because Mrs. Luckey signed a waiver agreeing to the allegations in Mr. Walker's petition and submitting to the jurisdiction of the Florida court.
We have recognized that while a Mississippi court might have continuing jurisdiction, it may also have concurrent jurisdiction of a child custody proceeding. In Matter of Marriage of Smith, 555 So.2d 73 (Miss. 1989), we recognized that the language in the UCCJA allows concurrent jurisdiction. Since both Mississippi and Alabama could have jurisdiction in Smith, Mississippi properly exercised its jurisdiction.
The foregoing authority indicates that the George County Chancery Court properly exercised jurisdiction of this child custody matter since it has had continuing jurisdiction of this matter from its first award of custody. As Chancellor Barlow indicated, there has been a pending motion or complaint in this case almost constantly since 1984. Also, Deneice has continued to use the court to enforce her rights under the decrees.
Deneice instituted proceedings in Louisiana on November 21, 1988. She filed a Petition for Modification of Visitation asking the Louisiana court to assume jurisdiction and grant a change in Ronald's visitation rights.
Deneice contends that Chancellor Barlow erred in failing to contact the Louisiana court under the provisions of the UCCJA. She relies on § 93-23-11(3) of the Act which provides:
If a court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 93-23-37 through 93-23-43. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state, it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.
In Hobbs v. Hobbs, 508 So.2d 677 (Miss. 1987), child custody proceedings were begun simultaneously in Mississippi and Louisiana. We addressed the meaning of the phrase "assumed jurisdiction" as found in § 93-23-11 and said that "[m]erely filing a petition does not mean a court has `assumed jurisdiction' under Miss. Code Ann. § 93-23-11. Ordinarily there must be some order of the court indicating it has assumed jurisdiction following filing a pleading." Hobbs, 508 So.2d at 680.
Chancellor Barlow should have stayed the proceeding only if the proceedings in Louisiana were pending before the George County Chancery Court assumed jurisdiction. The proceeding in Louisiana was initiated by the appellant on November 21, 1988. In the Mississippi proceeding, a Judgment was entered by the Chancellor on November 15, 1988 for the hearing which had been held on November 1, 1988. In that Judgment, Chancellor Barlow found "that [the George County Chancery Court] has jurisdiction of the subject matter and of the parties." The Mississippi court thus assumed jurisdiction before any proceeding was even begun in Louisiana.
Deneice further contends that she received no notice or service of process. However, her former counsel, Louis Guirola, testified that he received a copy of the September 1, 1987 Complaint and did tell Deneice about the Complaint over the phone. Deneice says this was not enough.
Notice to a person outside the State of Mississippi under the UCCJA is governed by § 93-23-9. That section allows notice to be given "in the manner, time and form as provided by law for service of process."
When a divorce has been granted by a Mississippi court and the court "had personal *698 jurisdiction of the defendant at the time of the divorce that personal jurisdiction continues." Covington v. Covington, 459 So.2d 780, 781 (Miss. 1984). Since the court has personal jurisdiction over the parties, notice rather than actual service of process is all that is required for subsequent pleadings. Covington at 782.
M.R.C.P. 5 mandates the giving of notice for pleadings subsequent to the original complaint. It allows service to be made upon the attorney of record for a subsequent pleading. It can be delivered or mailed. Notice given to the attorney of record has been held to be sufficient notice. See Laskosky v. Laskosky, 504 So.2d 726, 730 (Miss. 1987), and Covington, supra, at 782.
When the Complaint was filed in September of 1987, a copy was sent to Guirola since he was the attorney of record. And, as he testified, he did discuss the Complaint with Deneice. Under Rule 5, this met the requirements of notice for a subsequent pleading.

ATTORNEYS FEES
Ronald Cooley was awarded $6,032.00 in attorneys fees. Deneice contends that amount was not proven by the evidence offered at trial.
We have refused to award attorneys fees where little or no evidence has been presented to substantiate the amount requested. See Smith v. Smith, 545 So.2d 725, 729 (Miss. 1989); White v. White, 509 So.2d 205, 209 (Miss. 1987); and Bumgarner v. Bumgarner, 475 So.2d 455, 456 (Miss. 1985). The fees must be an amount that will be "fair and just to all concerned after it has been determined that the legal work being compensated was reasonably required and necessary." McKee v. McKee, 418 So.2d 764, 767 (Miss. 1982).
Ronald's counsel, Jack Parsons, testified concerning attorneys fees. He said that he had been charging $85.00 an hour for several years and thirty cents for mileage. He also said that this amount was in keeping with the general fees charged in the George County area. He had been working on this case since September of 1987 and had as yet received no money in payment. Furthermore, Ronald had filed for bankruptcy. Parsons submitted a statement of his hours. Because the chancellor is given considerable discretion in awarding attorneys fees and because the evidence presented by Parsons substantiated the sum for which he asked, the award of $6,032.00 cannot be said to be manifest error.

CONTEMPT OF COURT
The chancellor found Deneice to be in willful, contumacious contempt for denying visitation to Ronald as provided by the former Order of the court. Deneice contends that the Order was confusing in its terms and that she allowed visitation according to her interpretation. She also says that the only time visitation had not been allowed was during the two years she had been in Japan and that Ronald knew she was going to Japan.
"Generally speaking, contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstance and both temporal and visual proximity, is infinitely more competent to decide the matter than are we." Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss. 1990). In a civil contempt action, several defenses are available to the party against whom the charge is made. They include the fact that the behavior of the party was not willful or contumacious in nature, an inability of the party to perform or obey the order, and the failure of the accusing party to come into court with "clean hands." Smith v. Smith, 545 So.2d 725, 727 (Miss. 1989).
Deneice attempts to use the defense that the Order granting visitation was confusing and vague. The terms of the Order of October 15, 1987, were that the Order entered June 26, 1987, would be in effect until December 25, 1987, and at that time the Order entered February 27, 1986, would become effective. Deneice contends that she complied with visitation as she interpreted the Orders.
*699 In the Order dated June 26, 1987, Ronald was granted visitation on June 27, July 5, and July 11, 1987, a Saturday, a Sunday, and a Saturday, between the hours of 9:00 a.m. and 8:00 p.m. in the New Orleans area. The February 27, 1986, Order gave Ronald visitation rights on specific holidays and as granted in the original decree.
Ronald had kept a diary of the visitation which had been missed since July of 1987. Also, he had not seen the children since June of 1988, because Deneice had taken them to Japan. That Ronald was denied his visitation rights is apparent. Since Deneice failed to appear at trial and offer evidence to the contrary, her denial of visitation could not be said to be anything other than willful and contumacious.

CHANGE OF CUSTODY
The Chancellor changed temporary custody of the two children from Deneice to Ronald. Deneice contends this was error because the record contains no evidence that the circumstances of the children had materially changed.
A party must show that "there has been a material change in circumstances which adversely affects the welfare of the child." Arnold v. Conwill, 562 So.2d 97, 99 (Miss. 1990). The best interest of the child requires that the child have some degree of stability in his or her life. Bowden v. Fayard, 355 So.2d 662, 664 (Miss. 1978).
The fact that the custodial parent has moved does not by itself necessitate a change in custody. See Stevison v. Woods, 560 So.2d 176 (Miss. 1990); Spain v. Holland, 483 So.2d 318 (Miss. 1986); and Pearson v. Pearson, 458 So.2d 711 (Miss. 1984). But, we do not "foreclose the consideration by our trial courts of peculiar or unusual circumstances adversely affecting the children over and above the effect attendant upon the mere increase in miles between the children and the noncustodial parent." Spain, 483 So.2d at 321.
Chancellor Barlow did not base his decision on Deneice's move to Japan. He based it on the instability exhibited by Deneice as evidenced by the frequent moves within a short period of time along with the psychological condition of the children which was questioned at trial.
The proof required for a change in custody because of a material change in circumstances is a preponderance of the evidence. Here, the evidence was not sufficient to meet that burden. It has not been proven that the best interests of the children would be served by changing custody from Deneice to Ronald. We reverse and remand to the lower court for a hearing on this issue.

CONCLUSION
The George County Chancery Court has continuing jurisdiction of this matter since pleadings have been pending before the court almost constantly since the parties were first divorced. Mississippi assumed this jurisdiction before the Louisiana proceedings were even begun.
Ronald has been denied visitation with the children for a two-year period. For this reason and because Deneice has failed to comply with visitation for many years, she is in contempt. Ronald is entitled to reasonable visitation.
The change of custody from Deneice to Ronald should not have been granted in the absence of more sufficient proof that a material change in circumstances had occurred. We reverse and remand to the trial court on this issue only.
AFFIRMED IN PART; REVERSED AND REMANDED TO THE GEORGE COUNTY CHANCERY COURT FOR A HEARING ON THE CUSTODY ISSUE.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON and PITTMAN, JJ., concur.
BANKS and McRAE, JJ., not participating.