ISHEE, J.,
for the Court.
SUMMARY
¶ 1. Appellees, Wayne and Augusta Williams, are the maternal grandparents of Madison Lee, age 8, and the parents of Robyn Allen, Madison’s mother. The chancery court found that it was in the best interest of the child to return custody of Madison to the Williams and to allow Robyn to have supervised visitation. Robyn raises the following issues on appeal: (1) whether the court erred as a matter of law in revisiting the issue of custody after the court had entered a final judgment; (2) whether the chancery court as a matter of law could restrict the movements of the parent and child; (3) whether the court committed manifest error when it entered an order transferring custody of the minor child without due process of law; and (4) whether the court abused its discretion in refusing to recuse itself after it took affirmative actions to cause the custody of the minor child to be changed. We affirm.
FACTS
¶2. Madison Taylor Lee (“Madison”) was born out of wedlock on September 4, 1996 to Robyn Janette Allen (“Robyn”) and Christopher Thomas Lee(“Chris”). At approximately 12 weeks of age Madison was placed in the custody of the Department of Human Services (“DHS”) after the DHS received a report of potential child abuse by Chris. A report from Children’s Hospital in New Orleans indicated that Madison had two black eyes, abrasions on her left eye, and a large bruise on her right cheek. All of these injuries occurred while Madison was in the exclusive care of Chris. Chris was charged with child abuse but was never convicted. Somewhat inexplicably, the charge was retired to the file after Chris pled guilty to an unrelated offense. Chris spent eighteen months in the custody of the Mississippi Department of Corrections because of a violent act committed while at a restitution center. On at least one occasion, Chris became angry with Robyn and beat her.
¶ 3. On March 24, 1999, Augusta and Wayne Williams filed a complaint to terminate parental rights in the Chancery Court of Pearl River County, Mississippi. On October 31, 2001, the chancery court entered its findings of fact, conclusions of law, and final judgment in Cause No. 99-0187-GN-W. The judgment terminated Chris’ parental rights, but gave Robyn custody after a period of adjustment that required certain restrictions such as counseling and completion of a program for battered women. Robyn was further ordered to have no contact with Chris Lee.
¶ 4. At some time after Robyn was given custody, the chancellor learned that Robyn was pregnant with a second child by Christopher Lee, despite her in-court statements that she had not and would not have any further contact with him. The chancellor also learned that Robyn had moved to Florida to be with Lee in defiance of court orders. Upon learning this information, the chancellor encouraged Madison’s guardian ad litem to file a motion to change custody. On September 10, 2002, the guardian ad litem filed a motion of the guardian ad litem for injunctive and other relief in which the guardian sought a restraining order against Chris Lee in order to prohibit any contact between Lee and Madison or Robyn Allen.
¶ 5. On November 16, 2002, Augusta and Wayne Williams filed a motion for emergency custody and motion to cite defendants for contempt of court. In the complaint the Williams’s alleged a material change in circumstances adverse to the best interests of the child in that Robyn had refused to allow them any visitation and had moved to Florida with Madison to continue her relationship with Chris Lee. The Williams further requested an immediate ex parte hearing for the matter. On *257 November 18, 2002, the chancery court held the ex parte hearing and entered an order which found that Madison was in immediate danger of abuse and ordered that Madison immediately be given to Wayne and Augusta Williams.
¶ 6. On December 4, 2002, Robyn’s attorney, William W. Dreher, Jr., filed a motion to set aside ex parte order and motion to recuse based upon the chancellor’s encouragement of filing of the motion to change custody. Robyn’s motion was denied by court order on December 19, 2002. Instead of complying with the chancery court order to return the custody of Madison, Robyn and Dreher filed a petition for review and a petition for writ of prohibition before the Mississippi Supreme Court. While the petitions were pending before the Supreme Court, on February 14, 2008, Wayne and Augusta Williams filed their motion to cite Robyn J. Allen for contempt of court. William Dreher was noticed of the motion to cite Robyn J. Allen for contempt on February 25, 2003. In a bewildering turn of events, Attorney Dreher drafted a letter to Renee McBride Porter, the attorney for the Williams, stating that he had not been retained to represent Ms. Allen, and as such would not accept notice of the hearing.
¶ 7. On March 20, 2003, the chancery court entered its judgment for contempt. Within the procedural history within the order, the court stated that on March 10, 2003, Mr. Bobby Walker had attempted to serve Robyn Allen with the Plaintiffs notice but had been unable to do so. The court also found that absent his assertions to the contrary, William Dreher did indeed enter his appearance of counsel for the Defendant in this matter, and that she was properly noticed for the hearing. The court then found Robyn Allen in contempt, but reserved its ruling on sanctions.
¶ 8. On April 2, 2003, William Dreher filed a special entry of appearance and objection to judgment of contempt. Within the motion Dreher argued that the court lacked jurisdiction over Allen for failure to properly serve her with a Rule 81 summons as required by the Mississippi Rules of Civil Procedure. Dreher also argued that the court had no jurisdiction to modify the original custody order. Dreher reasoned that the judgment denying termination of Robyn Allen’s parental rights ended the action absent timely appeal, and thus ended the court’s jurisdiction. Dre-her further argued that the Williams must file a new complaint alleging a material change in circumstances to properly be before the court. Dreher also challenged the court’s order of October 30, 2001, which prohibited Robyn Allen from leaving the court’s jurisdiction permanently.
¶ 9. On March 20, 2003, the Mississippi Supreme Court granted Robyn Allen’s motion for extension of time. However, the court denied her motion to vacate the emergency custody order, and also denied her petition for review of trial court’s denial of motion for recusal.
¶ 10. On June 14, 2003, Robyn Allen filed her motion to dismiss the motion for emergency Custody order and motion to cite Robyn J. Allen for contempt of court. After trial on February 11, 2004, the Chancery Court of Pearl River County entered its final judgment. The judgment granted custody of Madison to Wayne and Augusta Williams while allowing Robyn visitation rights. All other relief requested by various parties was denied. Robyn Allen now timely appeals.
ISSUES AND ANALYSIS
I. Whether the court erred as a matter of law in revisiting the issue of custody after the court had entered a final judgment.
¶ 11. On appeal Robyn Allen argues that once the Chancery Court of *258 Pearl River County, Mississippi entered an order denying Augusta and Wayne’s petition to terminate parental rights, the court no longer enjoyed jurisdiction over the parties. Allen argues that when the chancery court denied the petition to terminate parental rights on September 10, 2002, the order was not modifiable, and ended any continuing jurisdiction. According to Allen, under Mississippi law a timely appeal or a new complaint alleging a material change in circumstances is required in order for a change in custody.
¶ 12. “This Court will not disturb the factual findings of a chancellor when supported by substantial evidence unless it can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard.” Morgan v. West, 812 So.2d 987, 990(¶ 7)(Miss.2002), (citing Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996)). For questions of law, the court employs a de novo standard of review and will only reverse for an erroneous interpretation or application of the law. Morgan, 812 So.2d at 990(¶ 8).
f 13. “When a court enters an order awarding custody of a child, that court holds continuing jurisdiction over the subject matter and the parties for the purpose of later modifications of that order.” Miss. Code. Ann. § 93-5-23 (Supp.1996). Furthermore, any hearings for custody modification that occur subsequent to the original custody proceedings are not considered separate and independent proceedings, but rather are supplementary to and operate as a continuation of the original chancery action. Morris v. Morris, 245 So.2d 22, 24 (Miss.1971).
¶ 14. Allen patently mis-characterizes the chancery court’s judgment regarding the motion for termination of parental rights as if it was flatly denied with prejudice. In fact, the chancellor granted the motion as it pertained to Chris Lee. However, not wishing to punish Robyn for Chris’s actions, the trial court granted her custody upon the completion of certain requirements and her promise to comply with certain restrictions. It is clear that the denial of the motion came with strings attached that required the oversight of both the chancery court and the guardian ad litem. The current posture of this dispute is precisely the kind of instance requiring the continuing jurisdiction of the chancery court. Indeed, this continuing jurisdiction is both contemplated and mandated by the Mississippi Code. We hereby affirm the judgment of the chancery court as to this issue,
II. Whether the chancery court as a matter of law could restrict the movements of the parent and child.
¶ 15. Robyn Allen next alleges that the chancery court erred as to any restrictions placed upon herability to leave the jurisdiction of the court. The wording of the order states as follows: “Without further order of this court, Robyn is not permitted to remove Madison permanently from its jurisdiction.”
¶ 16. According to Allen, any restriction’ on her movement is unenforceable. Allen cites Bell v. Bell for the proposition that restrictions upon the relocation of the custodial parent are contrary to the best interests of the child and has directed that chancery courts withhold approval of any such order even if the parties agree. Bell v. Bell, 572 So.2d 841, 845 (Miss.1990). “It is an incident of custody that the parent having physical custody provide a residence for the child where he or she thinks appropriate. ' The location of this residence is a matter committed to the discre *259 tion of the custodial parent in the first instance.” Bell, 572 So.2d 841 at 847.
¶ 17. Allen seemingly takes Bell out of its original context for the purpose of her appeal, and thus we must distinguish it from the facts sub judice. In Bell the husband attempted to enforce a court approved agreement entered into pursuant to the Irreconcilaible Differences Divorce Act, which mandated that the children live in the Tupelo area until their majority. Id. at 848. . The facts of Bell clearly differ from the facts of the case before us. Today we are faced with a situation whereby the mother chooses to move a child to a new area that “coincidentally” happens to be in another state and under the same roof of a man who has been found by a chancellor to have abused her child. Furthermore, the mother in Bell simply moved to Jackson, Mississippi in an effort to obtain gainful employment. Id. Clearly Robyn Allen’s actions in moving in with a man who she was ordered not to have contact with or even allow near her child pursuant to a restraining order presents a wildly different scenario.
¶ 18. Furthermore, a deeper analysis of Bell provides a legal basis for distinguishing the two. “Of course, this opinion only addresses court decrees which require the children to live in one particular community in a state. Our chancery courts have authority to retain jurisdiction over parties to a divorce and over minor children whose custody it decrees, see McNally v. McNally, 516 So.2d 499, 502 (Miss.1987); Covington v. Covington, 459 So.2d 780, 782 (Miss.1984); Mitchell v. Powell, 253 Miss. 867, 179 So.2d 811, 819 (1965) and, in appropriate cases, to order that those children not be removed from this state absent prior permission of the Court.” Id. at 845. It is clear to us today that the restriction upon removing Madison from the chancery court’s jurisdiction in its order of September 10, 2002, was. both valid and enforceable. We therefore affirm both the September 10, 2002 order as well as the contempt order subsequently entered against Robyn Allen for her willful and outrageous violation thereof. Finding no error, we affirm.
III. Whether the court committed manifest error when it entered an order transferring custody of the minor child without due process of law.
¶ 19. Robyn Allen next asserts that the trial court erred when it ordered a transfer of custody of Madison as she claims she was never properly served with a Rule 81 summons pursuant to the Mississippi Rules of Civil Procedure. In per-sonam service of process on Robyn Allen was attempted on March 10, 2003 by a process server. When attempts to do so were unavailing, service was served on her counsel of record, William Dreher. The requirements of M.R.C satisfied. Finding no error, we affirm.
IV. Whether the court abused its discretion in refusing to recuse itself after it took affirmative actions to cause the custody of the minor child to be changed.
¶ 20. Robyn Allen asserts that the chancellor erred when he refused to recuse himself after requesting that the guardian ad litem file a motion for injunctive relief. This issue was considered by the Mississippi Supreme Court on March 20, 2003 pursuant to Allen’s petition for review of trial court’s denial of motion for recusal. Her motion was denied, and as such this assignment of error is res judicata. Finding no error, we affirm.
¶ 21. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS HEREBY AFFIRMED. *260 ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ. CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.